# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

NO. 7:07-CR-00042-FL-6
NO. 7:10-CV-00212-FL

| | |
|---|---|
| ARJUN OSHEA BELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon the Government's Motion to Dismiss [DE-478] Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") [DE-471]. Petitioner has filed a response [DE-488], and the Government's Motion to Dismiss is therefore ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is hereby RECOMMENDED that the Government's Motion to Dismiss [DE-478] be GRANTED and that Petitioner's Motion to Vacate [DE-471] be DENIED.

## I. Background

On October 26, 2007, Petitioner entered into a plea agreement in which he agreed to plead guilty to conspiring with others to distribute and to possess with intent to distribute more than fifty grams of cocaine base and 500 grams of cocaine in violation of 21 U.S.C. § 846. [DE-235]. For

1

its part, the Government agreed, *inter alia*, that it would "make known to the Court at sentencing the full extent of the Defendant's cooperation" but cautioned that "the United States is not promising to move for departure pursuant to U.S.S.G. §5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35." [DE-235, p.7]. The plea agreement also noted the following:

> The parties agree to the following positions as to the below-listed sentencing factors only, which are not binding on the Court in its application of the advisory Guideline range; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors:
> A downward adjustment of 3 levels for acceptance of responsibility is warranted under U.S.S.G. §3E1.1.

[*Id.* at pp.8-9]. On November 13, 2007, Petitioner's guilty plea was approved by this Court following a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. [DE-233, DE-396].

The Government subsequently filed a motion for a downward departure of Petitioner's sentence of imprisonment based on his substantial assistance. [DE-314]. However, the Government withdrew the motion after it discovered a telephone call Petitioner made to his cousin while in prison awaiting sentencing. In the recorded conversation, Petitioner revealed the identity of a confidential informant and warned his cousin against dealing narcotics with the informant. The Government argued at sentencing that Petitioner's communication constituted obstruction of justice because it substantially interfered with an on-going criminal investigation into drug trafficking and endangered the life of the confidential informant. The Court agreed, finding that the "adjustment for obstruction of justice [was] proper" and that "the benefits that were going to accrue to the defendant under the guidelines don't accrue." [DE-404, p.119]. The Court subsequently sentenced Petitioner to a 400-month term of imprisonment. [DE-394].

Petitioner filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit on August 18, 2008. [DE-374]. On August 17, 2009, the Fourth Circuit dismissed the appeal, concluding that Petitioner knowingly and voluntarily waived his right to appeal as part of his plea agreement, and that his plea agreement "remained valid after the Government withdrew its U.S.S.G. § 5K1.1 motion." [DE-441, p.1]. Petitioner timely filed his present Motion to Vacate on October 18, 2010. [DE-471]. As grounds for his motion, Petitioner asserts claims of ineffective assistance of counsel and prosecutorial misconduct and requests an evidentiary hearing on these issues. Respondent asks this Court to dismiss Petitioner's motion.

## II. Legal Standards

### A. Motion to Dismiss

Respondent has filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The facts alleged must "raise a right to relief above the speculative level," *id.* at 555, and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* A complaint may survive a motion

to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with" a defendant's liability, Twombly, 550 U.S. at 557, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 570.

**B. 28 U.S.C. § 2255**

Under section 2255, Title 28 of the United States Code, a petitioner may obtain relief from his sentence if he can show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). The burden is on the petitioner to establish his claim to relief by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

**C. Ineffective Assistance of Counsel**

To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at

4

689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Concerning the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

## III. Analysis

Petitioner asserts his trial counsel was ineffective "by failing to investigate and to lodge proper objections" to his sentence enhancements. [DE-472, p.6]. Specifically, Petitioner contends his counsel failed to object to the quantities of drugs used to calculate the base offense level and enhancements based on his use of a weapon and his role in the offense. Further, Petitioner argues his counsel failed to object to the Government's withdrawal of its motion for a downward departure, and that the Government committed prosecutorial misconduct "by moving to withdraw the § 5K1.1 motion, after it had been accepted and granted by the Court." [DE-472, p.14]. These claims are without merit.

First and foremost, Petitioner's assertion that his counsel failed to object to the sentence enhancements is demonstrably false. The record shows that counsel for Petitioner filed two memoranda of law objecting to the proposed enhancements [DE-318, 372] and vigorously argued at length against such enhancements at the sentencing hearing. [DE-401, 404]. The Court considered counsel's objections but ultimately overruled them. The mere rejection of counsel's arguments cannot establish a claim for ineffectiveness. In fact, at the conclusion of the sentencing hearing, the Court expressed its appreciation for the "diligent advocacy on both sides." [DE-404, p.141]. As such, Petitioner has failed to show that his counsel's performance fell below the *Strickland* standard of reasonableness.

5

Petitioner is further mistaken in his belief that the Court granted the Government's motion for a downward departure of his sentence. The record instead indicates that the Court never granted the motion, which the Government withdrew before sentencing. While Petitioner's plea agreement indicates that the Government initially agreed that a "downward adjustment of 3 levels for acceptance of responsibility is warranted under U.S.S.G. §3E1.1," the plea agreement also expressly notes this acknowledgment was "not binding on the Court in its application of the advisory Guideline range" and further, "that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors." In his memorandum in support of the Motion to Vacate, Petitioner concedes that, prior to his sentencing hearing, "the government learned that [Petitioner] had used the prison telephone to alert others that they were either under charges or were under investigation." [DE-472, p.5]. The Government subsequently withdrew its motion for downward departure. The Fourth Circuit has determined that Petitioner's plea agreement "remained valid after the Government withdrew its U.S.S.G. § 5K1.1 motion." [DE-441, p.1]. The Government was not bound by the terms of the plea agreement to request a downward adjustment and only withdrew the motion after Petitioner jeopardized an on-going drug trafficking investigation and endangered the life of a confidential informant. Petitioner cannot now complain of loss caused solely by his own conduct.

**IV. Conclusion**

Because Petitioner fails to show that his counsel's performance was objectively unreasonable or demonstrate that prejudice resulted from his counsel's errors, the undersigned finds that Petitioner has not sustained his claim of ineffective assistance of counsel. Nor does Petitioner raise any facts indicating prosecutorial misconduct. Thus, for the foregoing reasons, it

is hereby RECOMMENDED that the Government's Motion to Dismiss [DE-478] be GRANTED and that Petitioner's Motion to Vacate [DE-471] be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, March 24, 2011.

_____/s/ William A. Webb_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE