IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:07-CR-42-FL-6
NO. 7:10-CV-212-FL

| | | |
|---|---|---|
| ARJUN OSHEA BELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner asks this court to vacate his sentence pursuant to 28 U.S.C. § 2255 (DE # 471). Respondent moved to dismiss (DE # 478). Pursuant to 28 U.S.C. § 636(b)(1), this matter was committed to United States Magistrate Judge William Webb for entry of a memorandum and recommendation ("M&R").

The magistrate judge recommends that the court grant respondent's motion and deny the § 2255 petition. No objections to the M&R were filed, and the issues raised in these motions are now ripe for adjudication. For the reasons that follow, the court adopts the magistrate judge's recommendation, grants respondent's motion, and denies the § 2255 petition.

## BACKGROUND

On August 13, 2008, following his plea of guilty to possession with the intent to distribute more than five hundred (500) grams of cocaine and more than fifty (50) grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), petitioner was sentenced by this court to a term of imprisonment of four hundred (400) months. Petitioner timely appealed, but on September 8, 2009, the Fourth

Circuit dismissed his appeal on motion of the government based on a waiver of the right to appeal contained within petitioner's plea agreement.

On October 18, 2010, petitioner filed this *pro se* motion to vacate pursuant to § 2255. Petitioner argues that his counsel was ineffective at sentencing and in failing to assert a breach of the plea agreement, and that he was the victim of prosecutorial misconduct. On December 3, 2010, the government moved to dismiss the § 2255 petition. Petitioner timely responded in opposition.

On March 17, 2010, the magistrate judge entered his M&R recommending that the court grant the government's motion and deny petitioner's § 2255 motion. The magistrate judge found no merit in petitioner's arguments of ineffective assistance or prosecutorial misconduct. Petitioner did not timely file any objection to the magistrate judge's recommended disposition.

## DISCUSSION

A. Standard of Review

The district court reviews *de novo* only those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B. Analysis

The magistrate judge adequately addressed each of the arguments raised by petitioner, who did not object to the magistrate judge's recommended disposition. After a careful review, the court

2

finds no error in the magistrate judge's conclusion that petitioner failed to present a meritorious ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984). Counsel in fact filed the objections identified by petitioner, but the court overruled them.* The government also properly withdrew its downward departure motion based on petitioner's use of a prison telephone to provide his cousin and other members of the drug conspiracy with the name of a confidential informant, and to inform them that they were under investigation.

Because the magistrate judge did not clearly err in his analysis, and absent any objection from petitioner, the court adopts the findings and recommendations set forth in the M&R in full. For the reasons given by the magistrate judge, the government's motion to dismiss is granted and petitioner's motion to vacate under § 2255 is dismissed with prejudice.

C.  Certificate of Appealability

A § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S.

---

* The court in fact sustained some of the objections raised by petitioner's counsel at hearing, lowering his base offense level and, as a result, his advisory guidelines range. Prior to counsel's objections, petitioner was facing a guidelines range of life imprisonment. After the court sustained certain of these objections, his guidelines range was reduced to three hundred and sixty (360) months to life.

473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, upon a careful review of the record, the court ADOPTS the findings and recommendations of the magistrate judge (DE # 490) as its own. The government's motion to dismiss (DE # 478) is GRANTED and the petition (DE # 471) is DISMISSED WITH PREJUDICE. Petitioner is DENIED a certificate of appealability.

SO ORDERED, this the 7th day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4